**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 24-3104

_____

MARGARITA MARSHALL,
Appellant

v.

UNITED STATES POST OFFICE;
UNITED STATES POSTAL SERVICE NATIONAL TORT CENTER;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:24-cv-01931)
District Judge: Honorable Kai N. Scott

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 7, 2025

Before: RESTREPO, BIBAS, and CHUNG, *Circuit Judges*

(Filed: October 3, 2025)
_____

OPINION*
_____

RESTREPO, *Circuit Judge*.

---
* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

In 2018, Margarita Marshall slipped and fell in a United States post office. In 2023, the Postal Service denied her administrative claim for damages. Over a year later, Marshall filed suit against the Postal Service under the Federal Tort Claims Act. After converting the government's motion to dismiss, the District Court granted summary judgment for the Postal Service on grounds that the lawsuit was untimely filed. On appeal, Marshall contends the District Court erred in converting the motion to dismiss and granting summary judgment. We disagree and will therefore affirm the rulings of the District Court.

## I.    Facts and Procedural History

Marshall alleges that she slipped and fell on a "wet and/or slippery substance" at a post office in Philadelphia in October 2018. She claims to have suffered injuries to her back, elbow, and hip, and that the fall was caused by the post office's negligence and carelessness. On January 21, 2020, Marshall filed an administrative claim for damages against the United States Postal Service ("USPS"). Eight days later, USPS sent her an acknowledgment of receipt and a request for supplemental records. After receiving no response, USPS sent two follow-up letters to Marshall's counsel in March and November 2021. Starting in January 2022, Marshall's counsel had sporadic contact with a USPS adjudicator. Marshall's counsel claims that he left numerous voicemails—the final message left on April 10, 2023—that the adjudicator left unanswered.

A week later, USPS sent a certified letter to Marshall's counsel at the same address used for all prior correspondence officially denying her administrative claim. The letter explained that Marshall could file suit in federal court "no later than six (6) months after the date the Postal Service *mails* the notice of that final action." J.A. 059-60 (emphasis in

2

original).  In accordance with COVID-19 pandemic protocols instituted by her counsel's office building, the certified letter was delivered to a designated office suite and signed for by one of the building's regular USPS carriers on April 21, 2023.  Marshall's counsel alleges that they never received the denial letter.

Marshall filed suit in the District Court on May 7, 2024, a little over a year after USPS sent the letter denying her administrative claim.  USPS moved to dismiss the complaint on grounds that the suit was untimely filed.  Marshall's counsel alleges that they first learned of USPS's denial letter upon receiving the government's motion to dismiss the lawsuit as untimely.

In August 2024, the District Court issued an order converting the motion to dismiss to a summary judgment motion, reasoning that "both parties relied on evidence outside the Complaint for resolution of the timeliness issue."  J.A. 012.  The order gave both parties the opportunity to submit supplemental material to the court.  In her supplemental briefing, Marshall argued that her claim should be equitably tolled because the COVID-19 pandemic constituted an extraordinary circumstance, and she exercised due diligence in pursuing her claim.  Also in her briefing, Marshall requested to depose the Postal Service mail carrier who delivered and signed for the certified denial letter at her counsel's address.

The District Court granted summary judgment for USPS finding that, even accepting the alleged facts as true, there was no genuine issue of material fact regarding the untimeliness of her suit under the FTCA.  First, the District Court found that Marshall was not entitled to equitable tolling because her non-receipt of the letter due to a COVID-19 mail delivery policy was not an extraordinary circumstance.  Second, it concluded that

3

Marshall did not exercise due diligence in preserving her claim, given that there was no correspondence between the parties during the year before the suit was filed. This timely appeal followed.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1346(b)(1), and we have appellate jurisdiction under 28 U.S.C. § 1291. *See D.J.S.-W. v. United States*, 962 F.3d 745, 749 n.3 (3d Cir. 2020).

In deciding this appeal, our review over both the District Court's conversion of the motion to dismiss and its decision to grant summary judgment in favor of USPS is plenary. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). We review for abuse of discretion Marshall's contention that the District Court erred in granting summary judgment without allowing her to depose the USPS mail carrier. *Radich v. Goode*, 886 F.2d 1391, 1393 (3d Cir. 1989) (citing *Dowling v. City of Phila.*, 855 F.2d 136 (3d Cir. 1988)) ("Whether a district court prematurely grants summary judgment is reviewed for abuse of discretion.").

## III. Analysis

### a. *Conversion of Motion to Dismiss*

If a court considers documents outside the pleadings that are not "integral to or explicitly relied upon in the complaint," then the motion to dismiss must be converted to a motion for summary judgment as provided in Rule 56 of the Federal Rules of Civil Procedure. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)); *see* Fed. R.

4

Civ. P. 12(d).  To determine whether the conversion was proper, we consider three factors: "first, whether the materials submitted require conversion; second, whether the parties had adequate notice of the district court's intention to convert; and third, if the parties did not have notice, whether the court's failure to provide notice was harmless error." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d at 287 (citing *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989)).

The parties do not dispute that materials outside the pleadings were critical to determining the timeliness issue.  Nor do the parties dispute that the District Court gave notice of intent to convert the motion to dismiss to a motion for summary judgment. Instead, Marshall contends that the District Court's order "failed to instruct the parties on the type of documents to be considered" in deciding the summary judgment motion. Appellant's Br. at 9.

The District Court is not, however, required to provide such an instruction.  Here, the order unambiguously stated the intention to convert the motion to dismiss and granted the parties 14 days to submit a brief "with any additional information" they "would like the Court to consider" when addressing the issue of whether Marshall's claim was untimely under the FTCA.  App. 13.  This order satisfied the District Court's duty to provide the parties with notice and the opportunity to respond to the motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also Forrest v. Parry*, 930 F.3d 93, 112 (3d Cir. 2019) (concluding that the district court committed error under Rule 56 by deciding motion for summary judgment *sua sponte* without providing notice and the opportunity to oppose the

5

motion).  On appeal, Marshall did not provide any legal authority to support her claim that the District Court's order was deficient.  This absence of support is fatal to her claim.

### b.  *Grant of Summary Judgment*

Having determined that the District Court properly converted the motion, we next consider whether it properly granted summary judgment in favor of the government.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  Here, the parties do not dispute the fact that Marshall filed the lawsuit under the FTCA over a year after the USPS mailed the denial letter to Marshall's counsel.  Also not in dispute is that an FTCA lawsuit filed a year after the government's denial letter was mailed is untimely.  The FTCA provides that a "tort claim against the United States shall be forever barred unless … action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency."  28 U.S.C. § 2401(b).

Instead, Marshall claims that there is a genuine dispute as to whether the denial letter was properly delivered.  But the terms of the governing statute make the mailing, not the receipt, of the denial letter the relevant act in satisfying the notice requirement.  *See* § 2401(b).  The USPS's obligations were therefore met when it mailed the denial letter to Marshall's counsel at the same address used for all prior correspondence.  The FTCA's statute of limitations started running when the USPS sent the denial letter and elapsed long before Marshall filed her lawsuit in the District Court.

Marshall attempts to avoid this conclusion by arguing that she is entitled to equitable tolling.  Equitable tolling applies when a litigant demonstrates that she exercised due

6

diligence to preserve her claim and was prevented "in some extraordinary way . . . from asserting [her] rights." *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005). A litigant must establish both elements to receive the benefit of equitable tolling. *D.J.S.-W.*, 962 F.3d at 751.

Marshall contends that changes to mail delivery protocols at her counsel's office during the COVID-19 pandemic constituted an extraordinary circumstance. Under the COVID-19 protocol, counsel had to collect the certified letter from a bin on a different floor of the building. Nothing about that circumstance was extraordinary. Marshall does not allege, much less establish, that the protocols prevented counsel from receiving mail or that sorting his mail was beyond his control during the pandemic. *Id.* at 752 ("[T]o meet the extraordinary-circumstances element, the litigant must show that the circumstances were 'extraordinary *and* beyond [her] control.'") (quoting *Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 257 (2016)). Because Marshall did not present circumstances that come close to meeting this standard, the District Court properly found Marshall was not entitled to toll the lawsuit's deadline.

c. *Denial of Discovery*

Finally, Marshall argues that the District Court erred by deciding the motion for summary judgment without her deposition of the mail carrier who delivered USPS's denial letter. We disagree. "[W]e review a claim that the district court has prematurely granted summary judgment for abuse of discretion." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 510 (3d Cir. 1994) (citing *Radich*, 886 F.2d at 1393). Here, the District Court decided the summary judgment motion without the deposition and explained that the delivery of the

7

denial letter was legally irrelevant.  The FTCA's plain language is unambiguous, stating that an action must be begun within six months after the date of the denial letter's mailing, not delivery.  *See* 28 U.S.C. § 2401(b).  Given the plain language of the governing statute, we conclude no abuse of discretion occurred.

## IV.    Conclusion

For the foregoing reasons, we will affirm the District Court's order granting summary judgment for the government.

8